UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARCOS U. RAMOS
    Petitioner,

    v.      CIVIL ACTION NO.
    10-10757-PBS

JAMES SABA,
Superintendent, NCCI-
Gardner,
    Respondent.

**REPORT AND RECOMMENDATION RE:
DISMISSAL FOR WANT OF PROSECUTION**

**September 7, 2011**

**BOWLER, U.S.M.J.**

    On May 5, 2010, petitioner Marcos U. Ramos ("petitioner"), an inmate at the time at the North Central Correctional Institution in Gardner, Massachusetts ("NCCI-Gardner"), filed the above styled petition for writ of habeas corpus under 28 U.S.C. § 2254.  After a series of unsuccessful attempts to contact petitioner and obtain his compliance with a number of court orders, it is the recommendation of this court to dismiss the petition for want of prosecution.

BACKGROUND

On June 14, 2010, petitioner filed a response opposing respondent's May 25, 2010 notice of the existence of a victim (Docket Entry # 6). (Docket Entry # 7). On the same day, he filed a memorandum in support of the opposition to respondent's statement of the existence of a victim. (Docket Entry # 8). Since June 2010, petitioner has not made any additional filings.

On July 8, 2010, respondent filed a motion seeking an order to establish a briefing schedule. (Docket Entry # 11). The motion asked the court to order "petitioner to file a memorandum of law in support of his petition within sixty days or by September 8, 2010, and the respondent to file a memorandum in opposition to the petition within sixty days thereafter." (Docket Entry # 11). On July 12, 2010, the court allowed the motion thereby ordering petitioner to file a memorandum of law in support of the petition within 60 days or by September 8, 2010. To date, petitioner has not filed the memorandum in support and is therefore in violation of the Scheduling Order.

On April 28, 2011, this court ordered petitioner to file the memorandum in support of the petition by May 24, 2011. The Order warned petitioner that if he did not "file the memorandum by this date, the petition may be dismissed for lack of prosecution and/or for violation of court orders." (Docket Entry # 13). To

2

date, petitioner has not filed a memorandum in support of the petition and is therefore in violation of the April 28, 2011 Order. Although the Clerk mailed the April 28, 2011 Order to petitioner's address of record, the Order was returned in an envelope stamped, "Return to Sender[,] Refused[,] Unable to Forward."

On June 6, 2011, this court afforded petitioner yet another opportunity to file the supporting memorandum. Citing Duncan v. Walker, 533 U.S. 167, 181-182 (2001), the June 6, 2011 Order advised petitioner that, based on the filing dates in the petition, a dismissal of "the petition will result in the running of the one year limitations period" and ordered him to file the supporting memorandum on or before June 24, 2011. To date, petitioner has not complied with this Order.

On August 10, 2011, this court issued an Order requiring petitioner to file the supporting memorandum on or before August 30, 2011. The August 10, 2011 Order again advised petitioner that, based on the filing dates set out in the petition, a dismissal will result in the running of the one year limitations period. Again, petitioner failed to respond and, to date, has not complied with this Order. In fact, on August 16, 2011, the envelope with the August 10, 2011 Order was returned to the court

marked, "No Longer Here" and "Released."

DISCUSSION

A court "may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002); see Link v. Wabash R.R. Co., 370 U.S. 626, 629-631 (1962); see also John's Insulation, Inc. v. L. Addison and Associates, Inc., 156 F.3d 101, 108 (1st Cir. 1998) ("court has broad authority to dismiss a case for failure to obey orders" and "[o]ne source of such authority is Fed. R. Civ. P. 41(b)"). A habeas court likewise has the authority to dismiss a petition for lack of prosecution. See Grace v. New York, 2010 WL 3489574, *1 (S.D.N.Y. Sept. 7, 2010), report and recommendation adopted, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010); Flowers v. Trombley, 2005 WL 3454777, *1 (E.D.Mich. Dec. 15, 2005) ("habeas corpus petitioner's complaint may be dismissed for failure to prosecute").

This court clearly communicated a deadline of May 24, 2011, within which petitioner should file the memorandum in support of the petition. Petitioner did not comply with that deadline, the June 24, 2011 deadline or the August 30, 2011 deadline. In

4

addition to violating these three orders, petitioner violated the July 12, 2010 Scheduling Order. Moreover, this court gave petitioner repeated and clear warnings that the failure to comply with these orders may result in a dismissal for lack of prosecution. See Day v. McDonough, 547 U.S. 198, 210 (2006) ("before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); cf. Garcia-Perez v. Hospital Metropolitano, 597 F.3d 6, 8 (1st Cir. 2010) (reversing Rule 41(b) dismissal due in part to absence of a "'clearly communicated' deadline" to produce expert report and lack of "express notice of" consequences for not producing report). This court also advised petitioner of the effect of the one year limitations period based on the dates of the state court filings set forth in the petition.

A lesser sanction short of a dismissal without prejudice will not suffice because of this court's inability to communicate with petitioner. As aptly explained in another habeas proceeding dismissed without prejudice because the petitioner failed to keep the court advised of his current address:

> [T]his case cannot proceed without [the petitioner's] participation, and he has provided no method by which the Court can inform him of his obligations in this case or its outcome. Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff

5

> effectively disappears by failing to provide a current address at which he or she can be reached. See, e.g., Fate v. Doe, 2008 WL 1752223, at *2 (S.D.N.Y. Apr.16, 2008); Coleman v. Doe, 2006 WL 2357846, at *3 (E.D.N.Y. Aug.14, 2006); Dong v. United States, 2004 WL 385117, at *3 (S.D.N.Y. Mar.2, 2004); Love v. F.B.I., 2002 WL 2030828, at *1 (N.D.Tex. Sept.3, 2002); Ortiz v. United States, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002); Hibbert v. Apfel, 2000 WL 977683, at *2-3 (S.D.N.Y. July 17, 2000); Norlander v. Plasky, 964 F.Supp. 39, 41-42 (D.Mass. 1997).

Grace v. New York, 2010 WL 3489574 at *1.

Although this court recognizes the strong preference for deciding cases on the merits as well as the relative lack of prejudice to respondent, a dismissal is therefore appropriate. Briefly stated, petitioner has failed to comply with four court orders to file the memorandum in support of the petition. He has also failed to keep this court advised of his current address.

Because a dismissal with prejudice is a harsh and extreme remedy, however, this court instead recommends a dismissal without prejudice. See id. at *2 (recommending dismissal of habeas petition filed pro se without prejudice "because 'dismissal with prejudice is "a harsh remedy to be utilized only in extreme situations"'"); see also Norlander v. Plasky, 964 F.Supp. 39, 41-42 (D.Mass. 1997) (dismissing section 2254 habeas petition for lack of jurisdiction and, alternatively, for want of prosecution under Rule 41(b) because the petitioner failed to

comply with a show cause order and failed to take any action for a ten month period).  Thus, if the dates of the state court filings in the petition are not correct or equity permits an untimely filing, a dismissal without prejudice might be less draconian than a dismissal with prejudice.

CONCLUSION

For the foregoing reasons, this court **RECOMMENDS**[1] that the petition (Docket Entry # 2) be **DISMISSED** without prejudice.

                                  /s/ Marianne B. Bowler
                                **MARIANNE B. BOWLER**
                                United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  See Rule 72(b), Fed. R. Civ. P.  Any party may respond to another party's objections within 14 days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the Report and Recommendation.